UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 26-26590-CV-DIMITROULEAS**

AQUIIL BUDDLE,

Petitioner,

v.

WARDEN, KROME NORTH SERVICE PROCESSING CENTER,

Respondent.
______________________________________/

**ORDER**

**THIS CAUSE** is before the Court on Petitioner Aquiil Buddle ("Petitioner")'s Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition") [DE 1], filed September 22, 2026. Because the Petition is duplicative of Petitioner's earlier-filed and pending habeas petition in Case No. 26-cv-25980-EA, the Petition is **DISMISSED**.

Section 2243 authorizes courts to dismiss legally insufficient petitions for habeas corpus without ordering responsive briefing. *See* 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or . . . direct[] the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant . . . is not entitled thereto."); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . ." (quoting *McFarland v. Scott*, 512 U.S. 849, 856 (1994))). "Federal courts retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is

duplicative of another federal court suit." (citations omitted)); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) ("It is well established 'as between federal district courts, . . . the general principle is to avoid duplicative litigation.'" (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976))).

"[T]he general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *I.A. Durbin, Inc.*, 793 F.2d at 1551 (citations omitted). On August 31, 2026, Petitioner filed a habeas petition challenging his immigration detention at the Krome Service Processing Center. *See* Petition at 1–2, *Buddle v. Warden, Krome Service Processing Ctr., et al.*, No. 1:26-cv-25980-EA, (S.D. Fla. Aug. 31, 2026), Dkt. No. 1. The instant Petition bears all three hallmarks of a duplicative filing: the parties, issues and available relief do not significantly differ between the two actions. *Compare* [DE 1], *with* Petition, *Buddle v. Warden, Krome Service Processing Ctr., et al.*, No. 1:26-cv-25980-EA, (S.D. Fla. Aug. 31, 2026), Dkt. No. 1. Because Petitioner filed the pending petition approximately three weeks prior to filing the instant Petition, the instant Petition is subject to dismissal as duplicative. *See Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013) ("The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case.").

Accordingly, it is **ORDERED AND ADJUDGED** that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [**DE 1**] is **DISMISSED WITHOUT PREJUDICE** as duplicative. All pending motions are **DENIED AS MOOT**. The Clerk is directed to **CLOSE** this case. The Clerk shall mail a copy of this order to Petitioner.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of September, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record
Email: usafls-2255@usdoj.gov
Email: usafls-immigration@usdoj.gov

Aquiil Buddle, *Pro Se*
A#240-113-890
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194